UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRADLEY KEITH STUART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:24-cv-01192-ACL |
| ) | |
| JEFFERSON COUNTY SHERIFF'S ) | |
| DEPARTMENT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Bradley Keith Stuart's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 6), Motion for Appointment of Counsel (ECF No. 7), and review of his complaint under 28 U.S.C. § 1915 (ECF No. 1). Having reviewed Stuart's Application and the financial information provided, the Court finds that he lacks sufficient funds to pay the filing fee in this matter. The Court therefore grants the Application and waives the filing fee. Additionally, for the reasons set forth below, the Court permits Stuart to proceed on his individual-capacity claim against Defendant Colby McCreary and dismisses all remaining claims.

**I.     The Complaint**

Stuart brings this action under 42 U.S.C. § 1983 against the Jefferson County Sheriff's Department and Deputy Colby McCreary. The matter arises from Stuart's encounter with McCreary on January 28, 2022, during which McCreary allegedly placed his knee on Stuart's neck while Stuart was handcuffed and not resisting. Stuart alleges that

McCreary intended to render him unconscious. Stuart claims that he asked McCreary to stop, and that McCreary responded by striking him in the skull with his forearm.

The complaint does not describe the events leading up to the encounter. However, a review of Missouri Case.net, the state's online case management system, reveals that Stuart received a citation from the Missouri State Highway Patrol on January 28, 2022, for driving 101 miles per hour in a 60-mile-per-hour zone. *See State v. Bradley Keith Stuart*, No. 22JE-CR00744 (23rd Jud. Cir. 2022). He was subsequently charged with exceeding the speed limit and with failure to wear a properly adjusted and fastened safety belt. *Id*. Stuart ultimately pleaded guilty to the speeding charge. *Id*. It is unclear whether Stuart's encounter with McCreary arose from this incident. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) (stating that a district court may take judicial notice of public state records).

Stuart alleges that he has "not been the same since" his encounter with McCreary. He attributes several medical conditions to the encounter, including an arachnoid cyst, acute "non-retractable" headaches, and frontal lobe damage. He seeks $25 million in damages.

**II.     Discussion**

Liberally construed, Stuart appears to assert a claim under the Fourth Amendment for excessive use of force. Because Stuart is proceeding in forma pauperis in this action, his complaint is subject to review under 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court dismisses Stuart's claim against the Sheriff's Department but allows him to proceed against McCreary in his individual capacity.

A.      **Standard of Review Under 28 U.S.C. § 1915**

Federal law allows individuals who cannot afford court fees to file lawsuits without prepaying those fees, a status known as proceeding "in forma pauperis" or "IFP." *See* 28 U.S.C. § 1915(a). While this provision promotes access to the courts, it includes statutory safeguards that require the Court to evaluate a complaint before issuing service of process on defendants. Under this initial screening process, the Court must dismiss any complaint that (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

The Court must liberally construe complaints filed by self-represented individuals under § 1915(e)(2). *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). If the essence of an allegation is discernible, the Court must interpret the complaint in a way that allows the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Liberal construction, however, does not exempt self-represented plaintiffs from the fundamental requirement of pleading facts sufficient to state an actionable claim. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court will not supply additional facts or construct legal theories to support a plaintiff's claims. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

To adequately state a claim for relief, a complaint must include sufficient factual detail to demonstrate that the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action"

are insufficient. *Id*. at 678. A claim is plausible if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

### B. The Jefferson County Sheriff's Department

The Jefferson County Sheriff's Department, as a subdivision of local government, is not a suable entity. *See, e.g., Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (affirming summary judgment in favor of county jail because "county jails are not legal entities amenable to suit"). Consequently, the Court dismisses Stuart's claim against the Sheriff's Department. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Deputy McCreary

#### 1. Capacity Determination

Before assessing Stuart's allegations against McCreary, the Court must determine whether he sues McCreary in his official capacity, individual capacity, or both. When a complaint is silent—as here—the Court looks to the course of proceedings. *S.A.A. v. Geisler*, 127 F.4th 1133, 1138-39 (8th Cir. 2025). In doing so, the Court may consider, among other factors, whether the plaintiff seeks punitive damages and whether the defendant has raised a qualified immunity defense. *Id*. No single factor is dispositive. *Id*. The fundamental question is whether the defendant is on notice that he is being sued in his individual capacity and that his personal liability is at stake. *Id*.

The Court finds that Stuart's complaint fairly puts McCreary on notice that his personal liability is at stake. The factual allegations focus almost entirely on McCreary's personal conduct, and the magnitude of the damages requested suggests an intent to seek punitive damages, which are available only in individual-capacity claims.

The Court does not construe Stuart's complaint to assert official-capacity claims against McCreary because the complaint focuses on McCreary's personal conduct and separately names the Sheriff's Department as a defendant. However, even if the complaint did include an official-capacity claim against McCreary, that claim would be subject to dismissal. Unlike an individual-capacity claim, an official-capacity claim is treated as a suit against the county itself. *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). A county may be liable under § 1983 only if the alleged violation resulted from an official policy, an unofficial custom, or a deliberately indifferent failure to train or supervise. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978); *see also Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). While a plaintiff need not invoke the words "policy" or "custom," the complaint must allege facts supporting the existence of an unconstitutional policy or custom. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). Here, Stuart's allegations focus exclusively on McCreary's personal conduct and do not plausibly suggest the existence of such a policy or custom. Accordingly, any official-capacity claim against McCreary would be dismissed for failure to state a claim.

    **2.**    **Individual Capacity**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Stuart alleges that McCreary, acting in his role as a deputy sheriff, pressed his knee into Stuart's neck while Stuart was handcuffed and not resisting and then

5

struck him in the skull with his forearm. He claims these actions caused him lasting neurological and psychological harm. In the context of an arrest, the right to be free from such force arises under the Fourth Amendment's prohibition on unreasonable seizures. *Habiger v. City of Fargo*, 80 F.3d 289, 295 (8th Cir. 1996). Although McCreary may ultimately be able to justify his conduct, the Court finds that Stuart's allegations, liberally construed, are sufficient at this stage to state a plausible § 1983 claim of excessive force against McCreary in his individual capacity. *See Erickson*, 551 U.S. at 94; *Iqbal*, 556 U.S. at 679.

### D. Motion for Appointment of Counsel

The Court now considers Stuart's Motion for Appointment of Counsel (ECF No. 7). Civil litigants do not have a constitutional or statutory right to appointed counsel. *Watson v. Moss*, 619 F.2d 775, 776 (8th Cir. 1980); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Having considered these factors, the Court finds that the appointment of counsel is not warranted at this time. Stuart has demonstrated up to this point that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court may entertain future motions for appointment of counsel as the case progresses.

## III. Conclusion

For the foregoing reasons, the Court grants Stuart's Application to Proceed in District Court Without Prepaying Fees or Costs and allows him to proceed on his excessive force claim against Defendant McCreary in his individual capacity. The Court dismisses the Jefferson County Sheriff's Department and all official-capacity claims against McCreary. The Court denies Stuart's Motion for Appointment of Counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Stuart's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that Stuart's Motion for Appointment of Counsel (ECF No. 7) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process on Defendant Colby McCreary in his individual capacity only.

**IT IS FURTHER ORDERED** that the United States Marshals Service shall serve the summons and complaint upon McCreary at the address provided in the complaint. *See* Fed. R. Civ. P. 4(c)(3).

**IT IS FURTHER ORDERED** that all claims against the Jefferson County Sheriff's Department, and all official-capacity claims against McCreary, are **DISMISSED** without prejudice.

An Order of Partial Dismissal accompanies this Memorandum and Order.

Dated this 20th day of August, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE